451 P.2d 322

**TUCSON TELCO FEDERAL CREDIT UN- ION, an Arizona corporation, Appellant,**

**v.**

**Daniel L. BOWSER and Mary Bowser, husband and wife, Appellees.**

**No. 2 CA–CIV 561.**

Court of Appeals of Arizona.

March 4, 1969.

Rehearing Denied April 8, 1969.
Review Denied April 29, 1969.

---

See also 6 Ariz.App. 190, 431 P.2d 85.

Ray F. Harris, Tucson, for appellant.

Michael M. Moore, Tucson, for appellees.

HATHAWAY, Judge.

Tucson Telco Federal Credit Union has appealed from (1) a summary judgment on the issue of liability entered against it in favor of the Bowsers, plaintiffs in the trial court, and (2) the final judgment awarding $5,750 in damages to the Bowsers after a jury trial on the damages issue.

Daniel L. Bowser and his wife, Mary Bowser, instituted this action to recover damages for the value of an automobile, registered in Mary Bowser's name, and for other claimed damages allegedly sustained as a result of the defendant's repossession of the automobile in violation of plaintiffs' rights under the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, 50 U.S.C.A. App. §§ 532 and 536.

Motions for summary judgment on the liability issue were filed on behalf of both parties and the plaintiffs' motion was granted.[1] It is the defendant Credit Union's position that the summary judgment in favor of the plaintiffs must be reversed and the case remanded with directions to dismiss the plaintiffs' complaint and to enter judgment in favor of the defendant and against the plaintiffs, because the plaintiffs are not entitled to protection under the Soldiers' and Sailors' Civil Relief Act of 1940, as amended.

On February 12, 1962, Mary Bowser, then Mary Ruiz, a single person, in consideration for a loan, and as security therefor, made, executed and delivered a chattel mortgage and promissory note payable to defendant, in the principal sum of $1,820, with interest at the rate of one per cent per month, payable in 41 installments of $44 each, and one installment of $16, plus interest. The first installment was payable on February 20, 1962. At that time, Mary was an employee of Mountain States Telephone and Telegraph Company, in Tucson, Arizona, and was a member of the Tucson Telco Federal Credit Union.

The chattel mortgage encumbered a certain 1962 Renault hard-top coupe, and was recorded and duly filed with the Arizona Highway Department, Motor Vehicle Division, in Phoenix, Arizona, on March 23, 1962. To the time of her marriage, all payments were made by Mary under the terms of an Employee's Credit Union Allotment Authorization constituting an as-

---

1. We have previously dismissed an appeal from this summary judgment for the reason that it was premature. Tucson Telco Federal Credit Union v. Bowser, 6 Ariz.App. 10, 429 P.2d 502 (1967), rehearing denied, 6 Ariz.App. 190, 431 P. 2d 85 (1967).

signment of her wages to the defendant Credit Union. The assignment was executed at the same time the promissory note and chattel mortgage were executed.

The note and mortgage became in default in February of 1964 for nonpayment of the monthly installments. Demand was made upon Mary, who in the interim had become Daniel's wife, for payment of the balance of principal and interest according to the terms of the chattel mortgage and note. Correspondence was exchanged between Daniel and the defendant relative to the payment of the obligation. Daniel claimed protection under the Soldiers' and Sailors' Civil Relief Act, but no arrangement was made for the payment of the balance due defendant. The defendant repossessed the automobile and sold it at private sale, realizing the net sum of $175, which was applied to the unpaid balance, leaving a balance due as of October 8, 1964 in the sum of $535.

After the repossession of the automobile, the plaintiffs filed suit against the defendant as indicated previously, and the defendant counterclaimed for the unpaid balance, plus interest, reasonable attorney's fees and costs.

To review and fill in the sequence of events: A promissory note and chattel mortgage was executed on February 12, 1962. The Bowsers were married on September 1, 1962. Daniel was inducted into the Armed Forces on August 12, 1963. The vehicle was repossessed from Mary and sold on or about October 8, 1964. It is uncontroverted that Mary's ability to pay was impaired by Daniel's induction.

Defendant states the question presented for review as follows:

"The sole issue presented to the Court for its determination in this cause is whether the obligation of an adult single woman, evidenced by a Promissory Note and Chattel Mortgage executed solely by her, encumbering an automobile owned by her and registered in her name, incurred eight (8) months prior to her marriage to a civilian, who one year later was inducted into the Armed Forces, which said obligation was paid entirely from earnings of the maker until repossession of the automobile, is such an obligation of a person in the military service or his dependent which is enentitled to protection of the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended."

We answer in the affirmative. Our conclusion is compelled by the clear language of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, 50 U.S.C.A. App. §§ 532 and 536 providing:

Section 532:

"The provisions of this section shall apply only to obligations secured by a mortgage, trust deed, or other security in the nature of a mortgage, upon real or personal property owned by a person in military service at the commencement of the period of the military service and still owned by him which obligations originated prior to such person's period of military service."

Section 536:

"Dependents of a person in military service shall be entitled to the benefits accorded to persons in military service under the provision of this article (sections 530–536 of this Appendix) upon application to a court therefor, unless in the opinion of the court the ability of such dependents to comply with the terms of the obligation, contract, lease or bailment has not been materially impaired by reason of the military service of the person upon whom the applicants are dependent."

Defendant points to legislative history in an attempt to show that relief is afforded under Section 536 only where the soldier has an obligation together with the dependent. The clear language of these two sections precludes our resort to extraneous material in order to achieve such a contradictory position. Clearly, the congressional intent was to relieve servicemen and their dependents of financial burdens occasioned by induction into the Armed

Forces. To follow defendant's suggested construction is to delete Section 536. If that is to be done, Congress will have to do it.

Affirmed.

MOLLOY, C. J., and ROBERT O. ROYLSTON, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge ROBERT O. ROYLSTON was called to sit in his stead and participate in the determination of this decision.