[Civil No. 4112.   Filed February 12, 1940.]

[99 Pac. (2d) 95.]

J. M. BEAVERS, Appellant, v. T. F. BEAVERS and ANGIE BEAVERS, Appellees.

Mr. Marshall W. Haislip, for Appellant.

Mr. Renz L. Jennings and Mr. Emmett R. Feighner, for Appellees.

ROSS, C. J.—The plaintiff J. M. Beavers brought an action against the defendants T. F. Beavers and Angie Beavers, his wife, to foreclose a mortgage on

Lot 26, Citrus Acres, in Maricopa county, given by the husband to the plaintiff to cover the purchase price of the lot. It is alleged that on the 26th day of October, 1931, plaintiff loaned to defendants for their community purpose as husband and wife the sum of $600, to be used to purchase the lot and that said lot was purchased therewith; that upon the plaintiff making the loan to defendants on said date, the defendants agreed to secure the loan by executing to him a mortgage on the lot and to pay for the use of the money interest at the rate of 6 per cent. per annum. It is then alleged that on the same day the husband executed and delivered to plaintiff a mortgage on said premises, in accordance with agreement, to secure a note of the mortgagor, of even date, for $600, the due date of such note being November 15, 1932; that the wife on said 26th day of October agreed orally with plaintiff to execute a mortgage with like terms and conditions but had failed and refused to do so.

The relief asked is judgment for $600 and interest against both defendants; the foreclosure of the mortgage and sale of the property to satisfy the judgment; a decree establishing an equitable mortgage against the wife, Angie, in like terms and effect as the mortgage signed by the husband, and quieting title in plaintiff against defendants.

The defendants demurred to the complaint on the ground that the statute of limitations had run before the commencement of the action. This demurrer was sustained as to Angie Beavers and plaintiff elected to stand on his complaint, whereupon the court dismissed the complaint as to defendant Angie Beavers with costs. The appeal is from this order.

The action is still pending in the superior court undisposed of.

The defendants filed a motion to dismiss the appeal for the reason that the order appealed from is

not an appealable one. Although we have heretofore denied defendants' motion, a further investigation convinces us we were wrong in so doing. Section 3659, Revised Code of 1928, provides:

''An appeal may be taken to the supreme court from a superior court in the following cases:

''1. From a final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court except in actions of forcible entry and detainer where the rental value of the property is less than three hundred dollars per year.

. . . . . . . . . . . . .

''5. From any order affecting a substantial right, made in any action when such order in effect determines the action and prevents judgment from which an appeal might be taken. . . . ''

If these subdivisions do not cover the case, then there is no appeal. It is plain that subdivision 5 does not authorize the appeal. The order of dismissal as to the wife does not determine the action, and does not prevent a judgment in the action from which an appeal may be taken. When the case is tried and final disposition is made of the action, the aggrieved party may appeal. Sec. 3658, Id. It may be the result of such a trial would be entirely satisfactory to the plaintiff.

Nor do we think the order of dismissal as to the wife is a final judgment in the action. It does not dispose of the action. It leaves it pending as against the husband, the agent of the community. The issues made must be tried and determined before a final disposition can be made of the action. There is stated but one cause of action and the liability as alleged is joint, the only difference being the husband's liability is acknowledged in writing while the wife's liability, if any, lies in parol. In such a situation it is

stated, in 2 American Jurisprudence 866, section 27, that:

"As a general rule, a judgment or decree is not final which settles the cause as to a part only of the defendants. Thus, an order or decree which dismisses a suit as to a part only of the defendants named, all of whom are charged to be jointly liable, is not a final decree from which an appeal or writ of error will lie, while the case remains undisposed of in the lower court as to the other defendants. . . . "

To this text are cited some United States cases and some cases from the state courts. One of the cases cited is *Boxwell* v. *Greeley Union Nat. Bank,* 89 Colo. 574, 5 Pac. (2d) 868, 80 A. L. R. 1179. The annotator of this case (80 A. L. R. 1187) makes the statement:

"As a general rule, a judgment or decree is not final which settles the cause as to a part only of the defendants. Thus, an order or decree which dismisses a suit as to a part only of the defendants named, all of whom are charged to be jointly liable, is not a final decree from which an appeal or writ of error will lie, while the case remains undisposed of in the lower court as to the other defendants."

The same author states the rule is different where the interests of the defendants are severable (80 A. L. R., p. 1192). Cases are cited to sustain these classifications.

It is believed that these two general rules are correct in the main. *Attorney General of Utah* v. *Pomeroy et al.,* 93 Utah 426, 73 Pac. (2d) 1277, reading pages 1290–1297, 114 A. L. R. 726, annotation page 759. There may be exceptions to these classifications but this case is not one of them. The interest of the two defendants is identical; it is a community interest. The question to be decided is whether the mortgage signed by the husband alone, given by him as the agent

of the community to cover the purchase price of the property, is valid as against the community.

Section 3660, Id., provides:

"Upon an appeal from a final judgment the supreme court shall review any intermediate order involving the merits and necessarily affecting the judgment, and all orders and rulings assigned as error, whether a motion for a new trial was made or not. . . . "

In *Miami Copper Co.* v. *Strohl,* 14 Ariz. 410, 130 Pac. 605, it was held that an order made before judgment in a cause is intermediate within the meaning of this section, that is to say, it is an order made between the commencement of the action and its final determination, incident to and during its progress, which does not determine the cause but only some intervening matter relating thereto. Under this section, if the plaintiff upon a trial of the cause should be denied judgment of foreclosure and should appeal therefrom, the order of dismissal as against the wife could be reviewed. If he wins, he would have no occasion to appeal.

Our statute and the rulings of the court have been very liberal in permitting appeals by aggrieved parties, but such liberality should not be extended so as to permit a party to take his case piecemeal to the appellate court when all of the questions involved may be heard upon a single appeal.

The appeal is dismissed.

LOCKWOOD and McALISTER, JJ., concur.