372 P.2d 727

Harold J. NYBERG and Rose M. Nyberg, husband and wife, Appellants,

v.

The SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT; W. W. Pickrell; R. M. Belcher; Does I through X, inclusive; John W. Eichelberger, Sr., and Charles M. Morgan, d/b/a E and E Sales Company, a co-partnership; and John Doe Company, a corporation, Appellees.

No. 6726.

Supreme Court of Arizona, In Division.

June 27, 1962.

A. Alexander Katz, Robert G. Mooreman, Phoenix, for appellants.

Jennings, Strouss, Salmon & Trask, Nicholas Udall, Phoenix, for appellees.

WINDES, Justice (Retired).

Harold J. Nyberg, hereinafter designated plaintiff, brought suit against the Salt River Project Agricultural Improvement and Power District, W. W. Pickrell and R. M. Belcher. Plaintiff deposited with the district a certified check for $10,000 for the purpose of securing an option to purchase certain personal property of the district. The option was allowed to lapse and plaintiff seeks to recover his deposit. Defendants' motion for summary judgment was granted, judgment entered against plaintiff, and he appeals to test its validity.

The controlling question involved is whether the record reflects for trial any material issue of fact which if proven

would legally authorize a judgment for the plaintiff.

■ If such a disputed fact exists it cannot be disposed of with summary judgment but must be determined at the trial. Stevens v. Anderson, 75 Ariz. 331, 256 P.2d 712 (1953); Rule 56(c), Rules of Civil Procedure (1956), 16 A.R.S.

We have examined the entire record including the pleadings, affidavits and depositions. The amended complaint is voluminous but briefly it charges collusion and false representation. It states that defendants Pickrell and Belcher were agents of the district; that on or about March 17, 1954 John Eichelberger and Charles Morgan entered into an option and purchase agreement with the district which provides among other things payment to the district of $10,000 which plaintiff paid at the request of Pickrell, Belcher, Eichelberger and Morgan. (Eichelberger and Morgan d. b. a. E and E Sales Company, a copartnership were made defendants but not served.) This pleading further states that the defendants, acting in collusion, represented that the $10,000 deposit was in no way binding upon plaintiff and would be returned if the sale was not completed or plaintiff requested its return and the proposed option was merely for the company records and not to be considered an instrument to require forfeiture of the deposit and that it

was the intention of all the parties that the plaintiff would not lose his $10,000.

Admittedly on March 17, 1954 Eichelberger and Morgan doing business under the name and style of the E and E Sales Company entered into an option and sales agreement with the district wherein the latter granted the former an option to purchase certain personal property for the price of $1,000,000. It provided the option was to expire on June 17, 1954. The contract provided that during the period of ninety days after the expiration date purchasers were given the right to purchase the property at such price as the district is willing to accept from any third person who shall make a bona fide offer. Among many other provisions not bearing on our problems the contract provides:

"The sum of Ten Thousand ($10,-000.00) Dollars is paid herewith by Purchasers to Seller as the consideration for the execution of this option and purchase agreement by Seller, and Seller acknowledges receipt of such sum. In the event Purchasers exercise this option or purchase said equipment during the ninety (90) day period referred to in the last sub-paragraph of paragraph 1 of this agreement, then the said sum of Ten Thousand ($10,000.00) Dollars shall be credited by Seller on the total purchase price. Furthermore, in the event Seller disposes of the

equipment herein described to a purchaser other than the purchaser herein during the ninety (90) day period referred to in the last sub-paragraph of paragraph 1 of this agreement, then the said sum of Ten Thousand ($10,000.00) Dollars shall be refunded by Seller to Purchasers herein, such refund to be made only after completion of said sale and receipt by Seller of the full purchase price."

The history of the transaction culminating in the execution of the option is that Eichelberger and Morgan had an option and purchase agreement which after one extension expired September 14, 1953. They wanted further extension and the Board of Directors of the district on January 12, 1954 passed a resolution declaring that any person or firm requesting an option must put up option money in the sum of $10,000. Plaintiff was advised of this situation and negotiations followed between plaintiff and Eichelberger and Morgan whereby plaintiff agreed to put up the $10,000. Thereafter on March 11, 1954 at a meeting at which were present plaintiff, Eichelberger and Belcher representing the district at which time the plaintiff delivered his check for the amount, which check was transmitted by Eichelberger to the district with an accompanying letter asking that it be presented to the Board of Directors with the request that the former option and purchase agreement be extended. Thereafter

on March 17 all interested parties met in defendant Pickrell's office (Pickrell was president of the district) for the purpose of executing the option and purchase agreement involved herein and heretofore quoted in part. Plaintiff was present, received a copy of the agreement and according to his deposition must have read it. The instrument was executed by Eichelberger and Morgan d. b. a. E and E Sales Company and the district. Plaintiffs' check then in the possession of the district was not certified and at the suggestion of Pickrell he and the plaintiff went to the bank for certification. On April 5 the matter was submitted to the Board of Directors and by unanimous resolution the option to purchase was formally granted.

Plaintiff admits in his deposition that he has nothing to offer which would prove the charge of collusion. He states in the deposition that Eichelberger had told him that he, Eichelberger, could no longer secure free options and he would have to pay for them and that the district board would not consider granting an extension unless money was put up. He had an arrangement with Eichelberger that if the option was carried out he would receive a profit of $100,000 and that he put up the money because he expected this profit and because Eichelberger and Morgan told him the district would not continue to give an option without a consideration. He said Eichelberger was the man who induced him to

put up the $10,000. He relies entirely on what he says Pickrell said after the check was issued and the contract executed in response to his statement that he could not afford to lose to the effect that it was "not the money we are interested in; it is the good faith it is being put up as. * * * As far as we are concerned * * * the money means nothing to us."

 When a defendant submits documents and affidavits with a motion for summary judgment which if true would entitle him to relief, the obligation is upon plaintiff to make a counter showing of facts creating an issue which if proven at the trial would legally authorize a judgment in his favor. Our view is that plaintiff has not met this obligation. He admits no collusion and has not submitted any misrepresentation by anybody upon which he was entitled to rely. Unquestionably he was thoroughly familiar with the entire deal, knew the purpose of the deposit, knew or should have known the provisions of the contract under which the deposit would be returned. Under these conditions he cannot escape the provisions of the contract upon the ground that defendant Pickrell made some representation after the execution of the contract and the delivery of the deposit. Pickrell denies the representation claimed by the plaintiff but assuming it were true plaintiff had no right to rely thereon. Judgment affirmed.

STRUCKMEYER and LOCKWOOD, JJ., concurring.