429 P.2d 502

**TUCSON TELCO FEDERAL CREDIT UNION, an Arizona corporation, Appellant,**

v.

**Daniel L. BOWSER and Mary Bowser, husband and wife, Appellees.**

**No. 2 CA–CIV 421.**

Court of Appeals of Arizona.

June 20, 1967.

Opinion Supplemented, Rehearing Denied Aug. 17, 1967.

See 6 Ariz.App. 190, 431 P.2d 85.

Ray F. Harris, Tucson, for appellant.

William L. Berlat, and Michael M. Moore, Tuscon, for appellees.

HATHAWAY, Chief Judge.

The right to appeal exists only by force of statute and therefore this court must pass upon its jurisdiction to consider an appeal. Howard P. Foley Co. v. Harris, 4 Ariz. App. 294, 419 P.2d 735 (1966) and cases cited therein. Examination of the record of the proceedings in the court below leads us to conclude that this appeal is premature.

Briefly, this litigation took the following course. The Bowsers, plaintiffs below, filed suit for damages for the allegedly wrongful repossession of their car by Tucson Telco. (Tucson Telco held the note and chattel mortgage.) Tucson Telco defended on the grounds that the plaintiff-wife had defaulted in payments on the note executed by her and did not come within the protection of the Soldiers' and Sailors' Civil Relief Act. It also counterclaimed, seeking a deficiency judgment.

The plaintiffs moved for summary judgment on the grounds that the Soldiers' and Sailors' Civil Relief Act protected them from repossession without court action, and therefore the subject repossession constituted a conversion of their personal property entitling them to recovery as a matter of law. The defendant likewise moved for summary judgment on both the plaintiffs' claim and its counterclaim. After consideration of the matter, the lower court entered a "summary judgment and order" which recited:

"* * * and the Court having found that the Defendant had no right to repossess the mortgaged property of the Plaintiff, MARY BOWSER, who was at the time of the repossession a dependent of a person in military service, without first filing an action in a Court of competent jurisdiction and getting approval of said Court to do same pursuant to 50 U.S.C.A. 532 and 50 U.S.C.A. 536, and having directed that judgment be entered in accordance therewith; Now, therefore, by reason of the law and findings aforesaid:

"IT IS HEREBY ORDERED. ADJUDGED AND DECREED:

"1. That the Plaintiffs' Motion for Summary Judgment be granted;

"2. That the matter of damages not being before the Court at this time, that a date be set for trial before a jury to determine same."

This appeal was taken from the aforesaid "summary judgment and order."

Rule 56(c), as amended, Rules of Civil Procedure, 16 A.R.S., provides in pertinent part:

"A summary judgment, *interlocutory in character,* may be rendered on the issue

of liability alone although there is a genuine issue as to the amount of damages." (Emphasis supplied)

■ A.R.S. § 12–2101, as amended, provides that an appeal may be taken to this court from a *final* judgment entered in an action commenced in a superior court. Additionally, certain interlocutory orders are designated as appealable, but the subject "judgment" does not fall into those categories. Rule 56(c), supra, clearly characterizes a summary judgment on the issue of liability as "interlocutory in character." Unless the interlocutory adjudication of liability is made appealable by statute, no appeal will lie therefrom. See 6 Moore's Federal Practice, 2d ed., § 56.20[4]. There being no statutory provision for appeal in the instant case, this appeal is premature and therefore is dismissed.

MOLLOY and KRUCKER, JJ., concur.