431 P.2d 85

**TUCSON TELCO FEDERAL CREDIT UN-
ION, an Arizona corporation, Appellant,**

v.

**Daniel L. BOWSER and Mary Bowser,
husband and wife, Appellees.**

**No. 2 CA–CIV 421.**

Court of Appeals of Arizona.

Aug. 17, 1967.

Review Denied Oct. 3, 1967.

Ray F. Harris, Tucson, for appellant.

William L. Berlat and Michael M. Moore, Tucson, for appellees.

HATHAWAY, Chief Judge.

The appellant has filed a motion for rehearing in this case requesting this court to reverse its decision dismissing this appeal and to reinstate same. Appellant contends that this court's conclusion that the judgment appealed from was not an appealable judgment was erroneous since it falls within the category of either A.R.S. § 12–2101, subsec. B or A.R.S. § 12–2101, subsec. G which provide for an appeal from:

"B. From a final judgment entered in an action or special proceeding commenced in a superior court * * *.

\*      \*      \*      \*      \*      \*

"G. From an interlocutory judgment which determines the rights of the parties and directs an accounting or other proceeding to determine the amount of the recovery."

■ Since Rule 56(c), Arizona Rules of Civil Procedure 16 A.R.S., clearly denominates a summary judgment on the issue of liability as being interlocutory in character, the subject summary judgment does not fall within the purview of subsection B which pertains to *final* judgments. However, appellant's argument relative to the applicability of subsection G merits consideration. It is contended that the adjudication of appellant's liability "determined the rights of the parties," leaving only the matter of the amount of recovery (damages) to be determined by another proceeding (trial by jury).

■ We agree that this subsection of A.R.S. § 12–2101, together with subsections H and I were intended to afford review to a litigant, aggrieved by an interlocutory judgment which *in substance* has finality. Otherwise, any benefit from a reversal might be lost if entry of final judgment in the case were necessary before obtaining review of the interlocutory judgment.

■ However, the interlocutory judgment must be one which *determines the rights* of the parties. The appellees (plaintiffs below) sought to recover damages for the alleged wrongful conversion of their automobile by the appellant. The summary judgment determined that appellant had wrongfully repossessed the auto because of failure to comply with the Soldiers' and Sailors' Civil Relief Act. Appellees, however, were seeking both compensatory damages and punitive damages. Recovery of the latter is predicated upon the character of the wrongdoer's conduct, see Nielson & Sons v. Flashberg, 101 Ariz. 335, 419 P.2d 514 (1966); McNelis v. Bruce, 90 Ariz. 261, 367 P.2d 625 (1961); 25 C.J.S. Damages § 123(1), and the finding of actual damage. Craviolini v. Scholer & Fuller Associated Architects, 101 Ariz. 33, 415 P.2d 456 (1966).

Under the posture of this case, the *rights* of the parties have not been determined by the subject judgment so as to bring it within the purview of A.R.S. § 12–2101, subsec. E. Accordingly, the motion for rehearing is denied.

MOLLOY and KRUCKER, JJ., concur.