547 P.2d 15

**Raymond COOK and Maxine Cook, husband and wife, Appellants,**

v.

**William COOK, a minor, by his guardian ad litem, Richard Cook, Appellee.**

**No. I CA–CIV 2755.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 18, 1976.

Rehearing Denied April 22, 1976.

Review Denied May 18, 1976.

Jennings, Strouss & Salmon by Stephen A. Myers, Gary G. Keltner, Phoenix, for appellants.

Strong & Pugh by William K. Strong, Phoenix, for appellee.

## OPINION

SCHROEDER, Judge.

This is an appeal from a partial summary judgment in favor of the plaintiff on the issue of liability in a negligence action. It presents a threshold question as to the appealability of such an interlocutory judgment under A.R.S. § 12–2101(G).

The case arises out of a motor vehicle accident in which the appellee, William Cook, the plaintiff below, was injured. At the time of the accident, plaintiff was a passenger in a vehicle driven by his grandfather, appellant Raymond Cook, and the accident occurred when Raymond Cook's vehicle collided in an intersection with a vehicle driven by Stan Naisbitt. Appellee William Cook sued appellants Raymond Cook, his wife, and Naisbitt for negligence.

Appellee, based upon the deposition of appellant Raymond Cook, moved for partial summary judgment against defendants Cook on liability. This motion was granted, and the trial court in a signed written "judgment" also made express findings, pursuant to Rule 54(b) of the Arizona Rules of Civil Procedure, directing that judgment be entered and determining that there appeared no just reason for delay in entering the judgment.[1]

Appellants have appealed the granting of the partial summary judgment. Following filing of briefs on the merits on the appeal, appellee moved to dismiss the appeal for lack of jurisdiction. Appellee argues that this partial summary judgment on liability is merely an interlocutory order and is not appealable because it does not dispose of the entire claim of the plaintiff against the defendants Cook. There remains the issue of damages.

We agree with the appellee that the judgment here cannot be considered a final judgment as to the Cooks, since it settles only the question of liability and not the amount of damages. We also agree that the insertion of 54(b) determinations in an order which was otherwise substantively unappealable under our law cannot make the order appealable. The question then becomes whether, under Arizona law, a partial summary judgment in favor of a plaintiff on liability can be an appealable order.

Generally, the law in Arizona and throughout the United States favors limiting the right of appeal to review of final decisions and not of interlocutory orders. Our Arizona Supreme Court has stated the general rule that a "judgment or de-

---

1. The signed partial summary judgment entered by the court provided as follows:

"A Motion for Partial Summary Judgment having been regularly made by the plaintiff in this case, now, after due deliberation and consideration of the premises, having found that there is no genuine issue as to any material fact with respect to the liability of defendants COOK to be submitted, and having concluded that said plaintiff is entitled to Partial Judgment as a matter of law.

"IT IS ORDERED, ADJUDGED AND DECREED

"1. That the Motion for Partial Summary Judgment of the plaintiff be, and the same is hereby granted and that Partial Judgment be entered herein in said plaintiff's favor and against the defendants COOK on the issue of liability;

"2. That this Judgment is specifically entered pursuant to Rule 54(b) of the Arizona Rules of Civil Procedure, and it is hereby directed that said Judgment be so entered, no just reason appearing for delay in entering this Judgment."

cree is not final which settles the cause as to a part only of the defendants" and has stated that the purpose of partial summary judgment is to eliminate issues, but not to create delay and waste by necessitating piecemeal appeals. *Ingalls v. Neidlinger*, 70 Ariz. 40, 44, 216 P.2d 387, 389 (1950).

Our appeals statute, A.R.S. § 12–2101, however, has certain exceptions to that general rule. One of those exceptions is contained in A.R.S. § 12–2101(G) which provides that an appeal may be taken "[f]rom an interlocutory judgment which determines the rights of the parties and directs an accounting or other proceeding to determine the amount of the recovery." (Emphasis added). The issue here is whether this partial summary judgment entered against defendants Cook is such an appealable interlocutory judgment.

A.R.S. § 12–2101(G) has not had an extensive history in the Arizona appellate courts, and we are aware of no decisions in other jurisdictions construing a similar statute. In *Bolon v. Pennington*, 3 Ariz. App. 433, 415 P.2d 148 (1966), Division 2 of this court held that an order setting aside a default and ordering an accounting was not appealable because it did not decide the merits of the controversy and, therefore, did not determine the "rights of the parties." *Tucson Telco Federal Credit Union v. Bowser*, 6 Ariz.App. 10, 429 P.2d 502, opn. supp., rehearing denied, 6 Ariz.App. 190, 431 P.2d 85 (1967), also decided by Division 2, involved an alleged wrongful repossession of an automobile. Partial summary judgment had been entered for the plaintiff determining that there had been a wrongful repossession. The defendant appealed before there had been any determination of damages. The Court, in its supplemental opinion, held that that partial summary judgment did not fall within A.R.S. § 12–2101(G). Its holding rested upon the fact that a claim for punitive damages was involved, and, therefore, unresolved questions remained as to the nature of the conduct of the defendant.

After *Telco*, Division 2 decided *Cordova v. City of Tucson*, 15 Ariz.App. 469, 489 P. 2d 727 (1971). That was a condemnation case in which the trial court had entered a judgment that the city was entitled to take the property, and that the only remaining issue was the amount of compensation. The Court dismissed the appeal holding that condemnation orders are not appealable, and that in condemnation cases an appeal must await final judgment. The holding in *Cordova* was approved by our Supreme Court in *Rogers v. Salt River Project Agricultural Improvement & Power Dist.*, 110 Ariz. 279, 517 P.2d 1275 (1974), a case similarly holding on general condemnation law principles that a condemnation order is not appealable.[2]

These Arizona cases do not deal directly with appealability under A.R.S. § 12–2101 (G) after a favorable liability determination for the plaintiff in a bifurcated trial or, as here, partial summary judgment for plaintiff in a negligence action. Appellant urges that the plain language of the statute makes this signed partial summary judgment on liability appealable, since the statute provides for interlocutory appeal where there has been a judgment which

---

2. We have discovered two cases in which our courts have held orders appealable under A.R.S. § 12–2101(G). In *Miller v. Superior Court*, 88 Ariz. 349, 356 P.2d 699 (1960), our Supreme Court held that an order removing a trustee was appealable either under the provisions of A.R.S. § 12–2101(G) or under A.R.S. § 12–2101(E) relating to appeal from "a final order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment." The court also cited general principles applicable to the appealability of orders removing a trustee. *Schultz v. Hinshaw*, 20 Ariz.App. 524, 514 P.2d 277 (1973), involved a breach of contract action in which the trial court had entered an interlocutory order declaring the relationship of the parties and directing an accounting. The court held the order was appealable under A.R.S. § 12–2101(G).

"determines the rights of the parties and directs an accounting or other proceeding to determine the amount of recovery."

Appellee, however, in his motion to dismiss the appeal, would strictly limit the type of actions to which that language applies to those cases in which there remain only equitable proceedings to determine the amount of recovery. He argues that it should not apply where, as here, there is a remaining trial for damages. Appellee asks us to apply the *ejusdem generis* rule to limit the type of proceedings in which appeals should be allowed.

We cannot accept the narrow interpretation which appellee urges. In the first place, we are unable to identify any substantial number of traditionally equitable proceedings for determining recovery apart from an accounting. Secondly, A.R.S. § 12–2101 separately provides for interlocutory appeal in other selected types of traditionally equitable remedies. See A.R.S. § 12–2101(F)(2) (injunctions) and § 12–2101(H) (partitions). Finally, in view of the abolition of separate courts of equity and law and the abolition of distinctions between law and equity in the Rules of Civil Procedure, this statute should not be construed on the basis of historical considerations which are becoming increasingly outmoded. In Arizona, the movement to abolish artificial distinctions between law and equity has roots which antedate statehood:

"As we have no courts of equity nor of law in this territory, and as the legislature has for a long time strenuously sought to abolish the distinction in procedure between 'equity' and 'law,' the courts and the bar should dismiss from their minds the idea of 'suits in equity' or 'actions at law,' so far as they tend to preserve that distinction. Our statute denominates all proceedings in courts of justice whereby a civil remedy for a wrong is sought, except in some special proceedings, civil suits. The courts and bar have clung so tenaciously to the observance of the distinction that in many instances the plain administration of justice has been thwarted." *Rees v. Rhodes,* 3 Ariz. 235, 237, 73 P. 446 (1890).

Moreover, appellate review may be highly desirable in some interlocutory liability determinations, as for example in cases where a serious question exists as to liability, and a lengthy and possibly unnecessary trial of damages might be averted by interlocutory review. We note also that Arizona, unlike the federal court system, has no statutory provision permitting the trial court to certify questions in civil cases to the appellate court for interlocutory appellate review. See 28 U.S.C. § 1292(b).[3]

Nevertheless, we are unable to adopt the full force of the appellant's position here, which would be to permit an appeal from every signed order of partial summary judgment on liability. We believe that such a result would be contrary to the spirit of our court's holdings in *Telco, supra,* and *Rogers, supra,* and contrary to the general policy of avoiding piecemeal appeals as enunciated in *Ingalls v. Neidlinger, supra.* We doubt that an ordinary partial summary judgment on liability in and of itself, without some indication of finality on the liability issue, should be considered a judgment "determining the rights of the parties", within the meaning of A.R.S. § 12–2101(G). This is because the court retains jurisdiction to modify any interlocutory order at any time prior to final judgment. *See Coffman v. Federal Laboratories, Inc.,* 171 F.2d 94, 98 (3rd Cir. 1948), cert. denied 336 U.S. 913, 69 S.Ct. 603, 93 L.Ed. 1076 (1949); *Gerstle v. Gamble-Skogmo, Inc.,* 298 F.Supp. 66

3. In Arizona, apart from the exceptions listed in this § 12–2101, of which subparagraph (G) is an example, and apart from the limited questions which can be presented on special action where review is discretionary with the appellate court, interlocutory appellate review is not available in civil cases.

(E.D.N.Y.1969); *Wright and Miller, Federal Practice & Procedure,* Civil § 2737, pp. 680–81.

In addition, we wish to avoid the possible uncertainty which might flow from such a broad holding. We should not encourage filing of premature appeals where there is a serious question as to whether there has been an interlocutory "determination of the rights of the parties" or whether the only remaining issue is in fact the "amount of recovery." We are also troubled by possible disputes over whether a defendant who fails to take an interlocutory appeal thereafter loses his right to question the liability determination.[4]

■ We hold therefore that, under the language of A.R.S. § 12–2101(G), a summary judgment in favor of a plaintiff on a question of liability can be appealable. We further hold that the particular language of this statute requires that the interlocutory judgment, in order to be appealable, must in reality reflect a final "determination of the rights of the parties" with respect to liability, and a determination that the only question remaining to be resolved is the "amount of recovery." To fulfill these requirements, the summary judgment appealed from must not only be signed by the judge, as required by Rule 58, Arizona Rules of Civil Procedure, but must also contain some additional express language indicating finality.

■ In the instant case, the trial court has made an express detemination that the partial summary judgment is a final determination on the question of liability by including the language required by Rule 54(b) for appeal in multiple party cases. Rule 54(b), of course, is not by its express terms applicable to appealability under §

12–2101(G). Nevertheless, the Court here has expressly directed the judgment be entered and has found that no just reason for delay in entering the judgment exists. It has, therefore, indicated the finality of the judgment on the liability issue.

In order to avoid confusion by the creation of overly rigid formal requirements, we believe that in any case in which the provisions of A.R.S. § 12–2101(G) might apply, the inclusion in the interlocutory judgment of language similar to that provided in Rule 54(b) should be a sufficient indication of the court's determination that the disposition of the liability question is final and that the only matter remaining is the question of damages. The trial court should, however, exercise its sound discretion in such certifications in order to avoid hardship, delay and unnecessary appeals.

■ In sum, if an interlocutory judgment with respect to liability does not contain either language similar to that provided in Rule 54(b) or other express language indicating that the judgment is a determination of the rights of the parties and that the only issue remaining is the amount of recovery, then the interlocutory judgment should not be appealable.[5]

In the instant case, the interlocutory judgment contained language of finality in accordance with Rule 54(b) and is, therefore, appealable. Accordingly, the motion to dismiss the appeal in the case is denied and we reach the merits of the appeal.

The trial court entered summary judgment on liability against the defendants Cook and in favor of the plaintiff on the basis of the deposition of the defendant Raymond Cook. He stated that when he approached the intersection just before the collision, he saw a stop sign, but he pro-

---

4. These are the sorts of problems which plagued our courts in multiple party and multiple claim cases prior to the adoption of the present Rule 54(b). *See generally* 10 *Wright & Miller* § 2653.

5. We reiterate that the mere inclusion of such language in an otherwise substantively unappealable interlocutory order cannot make that order appealable. For example, an order denying partial summary judgment on liability is not appealable under our statutes. *See Safeway Stores, Inc. v. Maricopa County Superior Court,* 19 Ariz.App. 210, 505 P.2d 1383 (1973). No language in the trial court's order of denial can make it so.

ceeded into the intersection. He also testified in his deposition that there was apparently construction in progress at the intersection, and that a ditch with a ridge at least partially blocked his vision. The collision with the Naisbitt car occurred in the middle of the intersection.

Appellee moved for summary judgment on the ground that since, by the deposition, the appellant Raymond Cook had admitted that he had seen a stop sign and had failed to stop, his action was negligence *per se*. The appellants filed no written response to the motion, nor did they offer any controverting evidence by way of affidavit or otherwise. Appellants now challenge the granting of plaintiff's motion for partial summary judgment.

Appellants argue that the defendant Cook's failure to stop for the stop sign in this case cannot be considered negligence *per se* because the plaintiff did not show that the stop sign was in its proper place. They rely upon the provisions of A.R.S. § 28–644(B), which provides in relevant part:

> "B. No provision of this chapter for which signs are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be. seen by an ordinarily observant person."

The deposition of Mr. Cook, however, does not contain any showing that the stop sign was in an improper place or that it was insufficiently legible to be seen. The most that Mr. Cook was able to say was that the sign "wasn't sitting in the normal place," and that it "was kind of back behind the ditch bank." He did not describe with any particularity how, if at all, the stop sign was improper, and in fact he was unable to describe exactly where it was positioned. Rule 56(e) of the Rules of Civil Procedure requires in part:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his . pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial." (Emphasis supplied).

In view of Mr. Cook's admission that he did see the sign but failed to stop, and in view of the total lack of any evidence that the sign was not in the proper position as required by any pertinent regulations, we must agree with the trial court that there was no material issue of fact with respect to the proper positioning of the sign so as to bring into play the provisions of A.R.S. § 28–644(B).

Appellants argue that it was the burden of plaintiff in his case in chief to show that the sign was in the proper position, and that absent proof in the nature of measurements showing that the exact position of the sign was in accordance with applicable regulations, the plaintiff has not demonstrated the requisite elements of negligence. We cannot agree that any such affirmative burden rests on the plaintiff in a negligence action when, as here, it is uncontroverted that defendant saw the sign and there is no showing by the defendant that the sign was improperly placed. We decline to hold that in every case in which a defendant fails to stop at a stop sign, the plaintiff must as an element of his claim establish that the stop sign was in the "proper position" at the time of the accident. Such a burden is far heavier than anything suggested in A.R.S. § 28–644(B). The presumption at law is that. public officials correctly perform their express duties. *Cagle v. Home Insurance Co.,* 14 Ariz.App. 360, 366, 483 P.2d 592, 598 (1971). At the very least, it is incumbent upon the defendant in such a case to come forward with some evidence of improper placement before a material question of fact is created.

Appellants further argue that there are material questions of fact with respect to whether the failure to heed the stop sign was the proximate cause of the accident. Appellees suggest that the negligence

**170**

of Mr. Naisbitt, or the obstruction of the view by the ridge of earth, may have been intervening causes of the accident. We see nothing in this record sufficient to create a material question as to these matters. Again, once the plaintiff established the defendant's negligence, it was incumbent upon the defendant in responding to the motion for summary judgment to submit some evidence sufficient to create a material question of fact. *See Nyberg v. Salt River Project Agricultural Improvement & Power District,* 91 Ariz. 397, 372 P.2d 727 (1962); *Siner v. Stewart,* 9 Ariz.App. 101, 449 P.2d 635 (1969).

Appellant also urges that it was improper to grant partial summary judgment against Mrs. Cook. However, Mr. Cook's deposition establishes that the appellants, Mr. and Mrs. Cook, had been married for many years, and that the collision occurred while they were returning from a family excursion. There was no contrary showing. The activity out of which the negligence arose, therefore, was for the benefit of the community, and the community is liable for the negligent conduct of the husband. *See Hays v. Richardson,* 95 Ariz. 64, 386 P.2d 791 (1963); *Reckart v. Avra Valley Air, Inc.,* 19 Ariz.App. 538, 509 P.2d 231 (1973).

Finally, appellants contend that plaintiff may have been contributorily negligent in failing to wear a seat belt. Contributory negligence is, of course, a defense which must be affirmatively pleaded. Rule 8(d), Arizona Rules of Civil Procedure. The record in this case reflects that the defense was not raised in the answer. A motion to amend the answer was offered but was then withdrawn prior to the entry of judgment in this case. Accordingly, since the defense was never pleaded, there is no question properly before us with respect to its applicability in this case.

The judgment is affirmed.

JACOBSON, P. J., and WREN, J., concur.