567 P.2d 350

**EMPRESS BEAUTY SUPPLY, INC., an Arizona Corporation, Appellant,**

v.

**William PRICE, Appellee.**

No. 1 CA–CIV 3234.

Court of Appeals of Arizona,
Division 1,
Department A.

July 26, 1977.

Levy & Spector by I. Harrison Levy, Phoenix, for appellant.

Leibsohn, Eaton, Gooding & Romley, P.C. by Tim R. Fyke, Phoenix, for appellee.

NELSON, Presiding Judge.

This is an appeal from a partial summary judgment in favor of the plaintiff, William Price, on the issue of liability in a conversion action against the defendant, Empress Beauty Supply, Inc.[1] This court must first determine its jurisdiction to consider this appeal since the right of appeal exists by virtue of statute. *Cordova v. City of Tucson,* 15 Ariz.App. 469, 489 P.2d 727 (1971). Our examination of the record of the proceedings below leads us to the conclusion that this appeal is premature.

Briefly, this litigation arose from the following facts. Leonard Shaw and Beauty and Wig Thing, Inc. were lessees of premises owned by Price. Shaw and his associate, Hilda I. Singer, purchased beauty supply equipment from Empress, financed by granting Empress a purchase money security interest in the property, which was delivered to the leased premises. Subsequently, Shaw and Singer defaulted on their installment payments to Empress, and Shaw and Beauty and Wig Thing defaulted on rent payments due Price under the lease agreement. Thereafter Empress, with the consent of Shaw and Singer, removed the secured property from the leased premises and sold it, retaining the proceeds of sale.

---

1. Plaintiff's complaint against Richard I. and Jane Doe Hirsch, originally defendants in this action, was dismissed by stipulation of the parties in the trial court's order of summary judgment.

Price then instituted this action whereby he sought compensatory and punitive damages against Empress on the theory that it had converted the beauty supply equipment.

Cross-motions for summary judgment were filed in the trial court and Price's motion for partial summary judgment on the issue of its liability for conversion was granted. The court expressly reserved determination of the amount of damages for a later trial.[2] This appeal followed.

[1] Clearly this summary judgment is not a final judgment since the question of damages is yet to be determined. *Cook v. Cook,* 26 Ariz.App. 163, 547 P.2d 15 (1976). Rule 56(c), Rules of Civil Procedure, 16 A.R.S. While it is the general rule that the right of appeal is limited to final decisions or judgments, there are several statutory exceptions, including A.R.S. § 12–2101(G) which Empress contends is applicable here.

In *Cook v. Cook, supra,* this Court held that while an appeal may lie from a summary judgment in favor of a plaintiff on the issue of liability under A.R.S. § 12–2101(G), that statute

"[r]equires that the interlocutory judgment, in order to be appealable, must in reality reflect a final 'determination of the rights of the parties' with respect to liability, and a determination that the only question remaining to be resolved is the 'amount of recovery.' To fulfill these requirements, the summary judgment appealed from must not only be signed by the judge, as required by Rule 58, Arizona Rules of Civil Procedure, but must also contain some *additional express language indicating finality.*" *Cook v. Cook, supra* at 168, 547 P.2d at 20. (Emphasis added).

With respect to the "express language indicating finality," the Court stated that unless an interlocutory judgment contains "express language indicating that the judgment is a determination of the rights of the parties and that the only issue remaining is the amount of recovery," or language similar to the found in Rule 54(b), Rules of Civil Procedure, 16 A.R.S., the judgment would not be appealable. *Cook v. Cook, supra* at 168, 547 P.2d [15] at 20.

The order of partial summary judgment in the present case contains neither Rule 54(b) language nor any other express determination indicating finality. It merely grants judgment in favor of Price on the conversion issue and leaves determination of his damages to future proceedings. We hold that absent the express language required by *Cook,* we are without jurisdiction to consider this appeal.

Further support for our conclusion that this appeal is premature is found in *Tucson Telco Federal Credit Union v. Bowser,* 6 Ariz.App. 10, 429 P.2d 502, opn. supp., rehearing denied, 6 Ariz.App. 190, 431 P.2d 85 (1967). That case involved a partial summary judgment in favor of the plaintiff which determined that the defendant had wrongfully repossessed an automobile. On appeal from that decision, prior to a determination of damages, Division Two of this Court dismissed the appeal as premature on the ground that the plaintiff there was claiming punitive damages and unresolved issues remained regarding the nature of the defendant's conduct.

■ Here too the plaintiff is claiming punitive damages. Empress contends, however, that the grant of Price's motion for

2. The order of summary judgment states in part:
"[T]he Court finds . . that Empress Beauty Supply, Inc. unlawfully seized possession and converted the personal property described in Exhibit "A" to plaintiff's Complaint;
NOW, THEREFORE, IT IS ORDERED as follows:

\* \* \* \* \* \*
(3) Plaintiff's Motion for Partial Summary Judgment against Empress Beauty Supply, Inc. for conversion of the above referred to equipment is hereby granted, with the issue of plaintiff's damages arising by virtue thereof to be determined at the trial of this matter."

summary judgment was an adjudication by the court that he is not entitled to punitive damages or, in the alternative, that he has abandoned this claim for relief. Plaintiff, on the other hand, maintains he has not abandoned this claim and we know of no basis on which it can be said that the judgment for Price on the issue of liability would preclude him from proving his entitlement to punitive damages during the damage portion of the trial.

On the basis of *Cook v. Cook, supra,* and *Tucson Telco Federal Credit Union v. Bowser, supra,* we dismiss this appeal as premature.

FROEB, C. J., and HAIRE, J., concurring.