636 P.2d 89

John MUSA and Virginia Musa, husband and wife, Appellants,

v.

C. K. ADRIAN, M. D., and Jane Doe Adrian, his wife, if married; Mary Doe(s) Adrian, subsequent spouse(s) of C. K. Adrian, M.D., if any; Adrian Medical Partners I–X; Spouses of Adrian Medical Partners I–X; Adrian Medical Partnership; Adrian Medical Corporations I–X; Scottsdale Memorial Hospital, an Arizona corporation, Appellees.

No. 15316–PR.

Supreme Court of Arizona, In Banc.

Oct. 6, 1981.

Rehearing Denied Nov. 17, 1981.

G. David Gage, Phoenix, for appellants.

Renaud, Cook & Videan by William R. Mettler, Jr., Phoenix, for appellee Scottsdale Memorial Hospital.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by M. E. Rake, Jr., P. Michael Whipple, Leslie Hall, Phoenix, for appellee C. K. Adrian, M. D.

**312**

STRUCKMEYER, Chief Justice.

This appeal by John and Virginia Musa was dismissed in the Court of Appeals, one judge dissenting, see *Musa v. Adrian,* 130 Ariz. 326, 636 P.2d 104 (App.1980). This Court accepted review to settle the jurisdiction question. We also conclude the appeal should be dismissed.

Appellants filed an action for damages against C. K. Adrian, M. D., his wife, his partners, and Scottsdale Memorial Hospital, which sounded essentially in medical malpractice. They alleged that on August 12, 1975, appellant John Musa was taken to the emergency room of Scottsdale Memorial Hospital suffering from acute abdominal pain, and that Dr. Adrian surgically removed a healthy gall bladder, although appellant was suffering from a ruptured appendix. Appellants complained that the conduct of Dr. Adrian constituted medical negligence, battery and breach of contract for medical treatment and that Dr. Adrian failed to secure the informed consent of the Musas to the procedure, misrepresenting his competence and ability as a surgeon and failing to adequately warn and to disclose the risks of harm to which the Musas subjected themselves. Appellants also alleged that the hospital knew or should have known of Dr. Adrian's incompetence and his substandard medical practices, and should have refused or restricted his surgical privileges or removed him from the medical staff.

The Arizona Medical Malpractice Act, A.R.S. § 12–561, et seq. (Laws of 1976, 1st S.S., Ch. 1, § 4, effective February 27, 1976), provides that the only grounds for actions of medical malpractice are negligence, misconduct, errors or omissions, breach of a written contract, and lack of express or implied consent. See § 12–561(2). The Musa cause of action accrued prior to the effective date of the Act, although the complaint was filed afterward. An issue therefore arose in the trial court as to whether the Act applied to the Musas' claim for relief. Appellants argued that the Act could not constitutionally apply, and they moved for partial summary judgment, asking the Superior Court to hold that the Act did not apply to them. Appellees filed a cross-motion for summary judgment, requesting dismissal of appellants' theories of battery, lack of informed consent and breach of oral contract.

The trial court ruled the Act applied, denied appellants' motion, and ordered a summary judgment favorable to appellees on the issues of battery, lack of informed consent and breach of oral contract. The court, pursuant to Rule 54(b), Arizona Rules of Civil Procedure, at appellants' request found no just reason for delay and ordered entry of judgment. From that judgment this appeal was taken. The Court of Appeals in a written opinion dismissed on its own motion, assigning as grounds that it lacked jurisdiction.

It must be conceded at the onset that absent a pertinent provision in the Arizona Constitution, the right of appeal exists only by statute. If there is no statute which provides that a judgment or order is appealable, the appellate courts of this state do not have jurisdiction to consider the merits of the question raised on appeal. *County of Pima v. State Dept. of Revenue, Etc.,* 114 Ariz. 275, 277, 560 P.2d 793 (1977). Even though the parties do not raise the issue, the appellate court must determine that it has jurisdiction. *Rueda v. Galvez,* 94 Ariz. 131, 132, 382 P.2d 239 (1963).

In Arizona, with certain exceptions, jurisdiction of appeals is limited to final judgments which dispose of all claims and all parties. Public policy is against deciding cases piecemeal. See *Moynahan v. Fritz,* 90 Ariz. 144, 147, 367 P.2d 199 (1961); *Ingalls v. Neidlinger,* 70 Ariz. 40, 44–45, 216 P.2d 387 (1950); *Beavers v. Beavers,* 55 Ariz. 122, 99 P.2d 95 (1940); *Marshall v. Williams,* 128 Ariz. 511, 627 P.2d 242 (App. 1981). The rule against piecemeal appeals recognizes that an appellant may ultimately prevail on the complete action, rendering interlocutory appellate determinations unnecessary. *Moynahan v. Fritz,* supra; *Marshall v. Williams,* supra; see 6 Moore's Federal Practice, ¶ 54.04[2].

A.R.S. § 12–2101 insofar as it is pertinent to the question of jurisdiction provides when an appeal may be taken.

"B. From a final judgment entered in an action or special proceeding commenced in a superior court * * *.

* * * * * *

D. From any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken.

* * * * * *

G. From an interlocutory judgment which determines the rights of the parties and directs an accounting or other proceeding to determine the amount of the recovery.

* * * * * *

A judgment which does not dispose of the entire action is not appealable under subsec. B of § 12–2101 unless the requirements of Rule 54(b), Arizona Rules of Civil Procedure, have been met. *Stevens v. Mehagian's Home Furnishings, Inc.*, 90 Ariz. 42, 365 P.2d 208 (1961); *Marshall v. Williams*, supra.

Rule 54(b) provides in its applicable part: "When more than one claim for relief is presented in an action, * * * the court may direct the entry of final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims * * * and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims * * *."

The trial court in the instant case made a Rule 54(b) determination of no just reason for delay and directed the entry of judgment. But this does not confer jurisdiction if the judgment did not in fact dispose of

"one or more" of the claims. Where, as here, the judgment disposed of three of the legal theories supporting appellants' claim for relief, Rule 54(b) language does not make the judgment final and appealable. *Marshall v. Williams*, supra; *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); 6 J. Moore, Federal Practice ¶¶ 54.24 and 54.33 (2d ed. 1975).

"A single claimant presents multiple claims for relief * * * when his possible recoveries are more than one in number and not mutually exclusive or, stated another way, when the facts give rise to more than one legal right or cause of action. * * * However, when a claimant presents a number of legal theories, but will be permitted to recover only on one of them, his bases for recovery are mutually exclusive, or simply presented in the alternative, and he has only a single claim for relief for purposes of rule 54(b)." Wright and Miller, Federal Practice and Procedure: Civil § 2657 (1973).

As stated, appellants sought damages from Dr. Adrian for his failure to diagnose a ruptured appendix and the resulting removal of a healthy gall bladder. To recover, appellants offered a number of theories, some of which had been abolished by the Medical Malpractice Act. Since the trial court concluded that the Act was applicable, it decided that three of appellants' legal theories did not present grounds sufficient to support their claim for relief. Because appellants have only a single claim for relief, that is, damages for what had occurred, Rule 54(b) language could not make the summary judgment which the court entered appealable under A.R.S. § 12–2101(B).

If the court's summary judgment is considered to be an interlocutory order, it is appealable under A.R.S. § 12–2101(D), where it has the practical effect of both terminating the action and preventing a judgment which can be appealed. *Reader v. Magma-Superior Copper Company*, 108 Ariz. 186, 494 P.2d 708 (1972); *United States Fidelity & Guaranty Co. v. Alfalfa Seed & Lumber Co.*, 38 Ariz. 70, 297 P. 868

(1931). *Reader v. Magma-Superior Copper Company*, supra, was a case which dealt with whether an order refusing to allow an action to proceed as a class action was appealable under A.R.S. § 12–2101(D). There, the plaintiffs brought an action on behalf of the entire population of Maricopa County, asking for damages and an injunction against owners and operators of copper smelters, who allegedly were causing pollution. A *per se* rule allowing an appeal was not adopted; rather, it was held that the order was appealable under § 12–2101(D). The named plaintiffs there suffered very little individual damage. It was "therefore, obviously impossible or improvident for them to absorb the enormous expenses of the suit." *Reader v. Magma-Superior Copper Company*, supra, 108 Ariz. at 187, 494 P.2d 708. Hence, as a practical effect of the order, the named plaintiffs would not prosecute the action even on their own behalf and there would never be a judgment from which the plaintiffs could appeal to raise the class certification issue. *Compare Reader v. Magma-Superior Copper Company*, supra, *with Markiewicz v. Salt River Valley, etc.*, 118 Ariz. 329, 340–341, 576 P.2d 517 (App.1978), and *Eaton v. Unified Sch. Dist. No. 1 of Pima Cty.*, 122 Ariz. 391, 595 P.2d 183 (App.1979), *adopted*, 122 Ariz. 377, 595 P.2d 169 (1979). In *United States Fidelity & Guaranty Company*, supra, it was held that an order denying a motion to intervene in an action was appealable under an identical statute, the predecessor to A.R.S. § 12–2101(D). Since the order denied the intervenor an opportunity to participate in the action, "[i]t determined the action, so far as [he] was concerned; it prevented a judgment for or against him from which an appeal could have been prosecuted." 38 Ariz. at 76.

This case, however, is not analogous to either *Reader*, supra, or *United States Fidelity & Guaranty Company*, supra. The trial court's order does not bring to a conclusion appellants' case. Nor does it prevent a judgment from which appellants may ultimately appeal the ruling on the applicability of the Arizona Medical Malpractice Act, A.R.S. § 12–561, et seq., to their action.

An interlocutory judgment may also be appealable under A.R.S. § 12–2101(G), where it "determines the rights of the parties and directs an accounting or other proceeding to determine the amount of the recovery." The construction of this subsection has not been limited to judgments in equitable proceedings, but has been extended to interlocutory decisions on the merits where all issues have been determined except the amount of recovery. See *Empress Beauty Supply, Inc. v. Price*, 116 Ariz. 34, 567 P.2d 350 (App.1977); *Cook v. Cook*, 26 Ariz.App. 163, 547 P.2d 15 (1976); *Tucson Telco Federal Credit Union v. Bowser*, 6 Ariz.App. 10, 429 P.2d 502, *as supplemented* 6 Ariz.App. 190, 431 P.2d 85 (1967); *Bolon v. Pennington*, 3 Ariz.App. 433, 415 P.2d 148 (1966).

In *Cook*, it was held that a partial summary judgment in favor of the plaintiff on the issue of liability in a negligence action was appealable. However, it was clearly stated that the holding was limited to those situations where the judgment was final as to all issues except the amount of recovery. The court said:

" * * * * * *

We hold therefore that, under the language of A.R.S. § 12–2101(G), a summary judgment in favor of a plaintiff on a question of liability can be appealable. We further hold that the particular language of this statute requires that the interlocutory judgment, in order to be appealable, must in reality reflect a final 'determination of the rights of the parties' with respect to liability, and a determination that the only question remaining to be resolved is the 'amount of recovery.' " 26 Ariz.App. at 168, 547 P.2d 15.

By contrast, in the instant case there are many issues other than the amount of recovery to be decided. There has not been, for example, a final determination as to whether Dr. Adrian is liable to appellants. Hence, the appealed judgment does not fall within A.R.S. § 12–2101(G).

In a supplemental memorandum in support of their motion for rehearing before

the Court of Appeals, appellants argue that their complaint prayed for a declaratory judgment that the Arizona Malpractice Act did not for constitutional reasons apply to their complaint and that, therefore, the court's order is a judgment from which they can appeal as a declaratory judgment. We think, however, that no interpretation of appellants' complaint can support the notion that appellants requested declaratory relief. When the constitutionality of a statute is challenged in a declaratory relief action, the State Attorney General must be served and given an opportunity to be heard. A.R.S. § 12–1841. That procedure was not followed here.

In conclusion, we hold that the Court of Appeals, created by statute, has only the jurisdiction bestowed by the Legislature. Neither a litigant nor the Superior Court can confer jurisdiction to determine an appeal where the Legislature has not so provided.

The order of the Court of Appeals dismissing the appeal was proper.