NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CHERYL JACKSON, *Plaintiff/Appellant*,

*v.*

CLARA HARRIS, Personal Representative of the Estate of
Mark D. Harris, *Defendant/Appellee*.

No. 1 CA-CV 17-0402
FILED 5-31-2018

Appeal from the Superior Court in Maricopa County
No. CV2016-054510
The Honorable Aimee L. Anderson, Judge

**APPEAL DISMISSED**

COUNSEL

Macqueen & Gottlieb PLC, Phoenix
By Patrick R. MacQueen, Benjamin L. Gottlieb
*Counsel for Plaintiff/Appellant*

Berk Law Group PC, Scottsdale
By Daphne J. Reaume, Kent S. Berk
*Counsel for Defendant/Appellee*

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Paul J. McMurdie joined.

**W E I N Z W E I G**, Judge:

¶1            Cheryl Jackson appeals the superior court's entry of final judgment under Rule 54(b), Ariz. R. Civ. P., and the adverse award of costs and attorney's fees.  We lack jurisdiction and thus dismiss the appeal.

### FACTS AND PROCEDURAL BACKGROUND

¶2            This case concerns the sale of real property.  Clara Harris was the personal representative of her son's estate, the Estate of Mark D. Harris.  She sold his residence to Joshua Sanders in that capacity.

¶3            Sanders sued various defendants involved in the transaction, including Ms. Harris in her individual capacity and as personal representative.  He claimed that Harris knowingly failed to disclose several defects in the residence, including roof defects, water damage, mold, foundation cracks and soil expansion.  He asserted four claims against Harris as personal representative of the estate, including breach of contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation/non-disclosure and consumer fraud; and two claims against Harris as an individual, including negligent misrepresentation/non-disclosure and consumer fraud.

¶4            Sanders later filed an amended complaint that named his wife, Cheryl Jackson, as a second plaintiff and added a common law fraud claim against Harris as personal representative.  Jackson and Sanders asserted the same contract and tort claims, premised on identical facts and law.

¶5            Harris moved to dismiss several claims against her as personal representative, including (1) all of Jackson's claims because Jackson was not a party to the real estate contract and related transactions and (2) Jackson and Sanders' breach of contract and covenant of good faith and fair dealing claims as time barred under A.R.S. §§ 14-3803, -3804.  Harris also moved, in her individual capacity, to join the personal representative's motion to dismiss Jackson's claims for negligent misrepresentation/non-disclosure and consumer fraud.

**¶6**　　　　The superior court granted both motions to dismiss in favor of Harris as personal representative, but never reached or granted her request to join the motions in her individual capacity.　Accordingly, the court dismissed Jackson's claims against Harris *as personal representative*, but did not dismiss Jackson's claims against Harris *as an individual*. The court further granted Harris' request for "attorneys' fees incurred [by Harris as personal representative] in responding to Plaintiff Cheryl Jackson's Amended Complaint," and ordered Harris to submit a proposed form of judgment.[1]

**¶7**　　　　The court signed Harris' proposed judgment without modification, over Jackson's objection.　The court entered judgment against Jackson and in favor of Harris, but only as personal representative; awarded Harris $15,386.77 in attorney's fees and $1,233.10 in costs, the full amount requested; and included Rule 54(b) language to certify "there is no just reason for delay in the entry of this Judgment as a final judgment, and the Court expressly directs that this Judgment be entered at this time as a final judgment against Plaintiff Cheryl Jackson."　Jackson timely appealed.

## DISCUSSION

**¶8**　　　　Jackson does not contest the merits of the judgment, but instead challenges the award of attorney's fees and Rule 54(b) certification. We first consider the certification issue because we lack jurisdiction when a Rule 54(b) certification is not "substantively warranted."　*Sw. Gas Corp. v. Irwin ex rel. County of Cochise*, 229 Ariz. 198, 202, ¶ 12 (App. 2012).　We review the propriety of Rule 54(b) certification for an abuse of discretion. *Id.* at 201, ¶ 7.

**¶9**　　　　Our jurisdiction is generally limited to final judgments that dispose of all claims and all parties, leaving no questions open for judicial determination and clearly fixing the parties' rights and liabilities. *Musa v. Adrian*, 130 Ariz. 311, 312 (1981); *Decker v. City of Tucson*, 4 Ariz. App. 270, 272 (1966).

**¶10**　　　　At issue here is an exception to the general rule, found in Rule 54(b), Ariz. R. Civ. P., which authorizes the superior court to certify a final judgment disposing of fewer than all claims or parties "only if the court expressly determines there is no just reason for delay."　To find no just reason for delay, the court must find "some hardship or injustice would

---

[1]　　　The court also dismissed Sanders' breach of contract and breach of the covenant of good faith and fair dealing claims against Harris as personal representative.

result from a delay in entering a final judgment." *S. Cal. Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, 53, ¶ 19 (1999); *see Pulaski v. Perkins*, 127 Ariz. 216, 218 (App. 1980) ("The phrase 'no just reason for delay' in Rule 54(b) means that there must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal.") (quoting *Campbell v. Westmoreland Farm, Inc.*, 403 F.2d 939, 942 (2d Cir. 1968)).

**¶11**        Rule 54(b) judgments "should not be entered routinely," but instead limited to "the infrequent harsh case as an instrument for the improved administration of justice." *S. Cal. Edison Co.*, 194 Ariz. at 53, ¶ 19 (quotation omitted) (Rule 54(b) represents "a compromise between the policy against interlocutory appeals and the desirability, in a few cases, of an immediate appeal to prevent an injustice."). In addition, the superior court should not certify a partial judgment under Rule 54(b) if the surviving litigation might result in successive appeals that require the appellate courts to relearn the same facts. *See Sw. Gas Corp.*, 229 Ariz. at 202, ¶ 12.

**¶12**        Rule 54(b) certification was not proper here. First, Harris suffers no greater hardship or injustice if required to await litigation's end to press or defend any issues on appeal. She is presently defending herself in the superior court proceedings, both as personal representative and individually. An express pass to appeal (and presumably enforce) the court's partial judgment under Rule 54(b) does not change that.

**¶13**        Second, Arizona courts have long disfavored piecemeal appeals because they tend to undermine judicial efficiency. *Musa*, 130 Ariz. at 312. If we accept this first appeal, we should expect a second appeal once Jackson's remaining claims against Harris are resolved, and more appeals from there, including a final appeal at the end of the litigation in the superior court. At each successive appeal, we would need to reacquaint ourselves with the same facts and issues. Indeed, a second appeal of Jackson's remaining claims would presumably require us to again examine the fees incurred by Harris "in responding to Plaintiff Cheryl Jackson's Amended Complaint," but only the fees incurred in her individual capacity.[2]

---

[2]        We do not decide whether Rule 54(b) certification would be proper if the court resolves all pending claims between Harris and Jackson, leaving only the claims between Harris and Sanders. As a practical matter, however, we note that Jackson and Sanders are married and Sanders has conveyed Jackson a community property interest in the house. Given that backdrop, Harris' fee award against Jackson might ultimately be reduced by offsets if Sanders prevails on the surviving claims.

**¶14**   Appellee offers *Continental Casualty v. Superior Court*, 130 Ariz. 189 (1981), to support Rule 54(b) certification.  We are not persuaded.  There, unlike here, the parties stipulated to entry of a Rule 54(b) judgment, yet the superior court refused to enter one.  The Court emphasized the stipulation in concluding the superior court abused its discretion.  *Id.* at 192.

## CONCLUSION

**¶15**   For these reasons, the superior court erroneously certified its partial dismissal of Jackson's claims as a final judgment under Rule 54(b).  We lack jurisdiction and dismiss the appeal.  In our discretion, we deny both parties' requests for attorney's fees and costs on appeal.



AMY M. WOOD • Clerk of the Court
FILED:  AA