477 P.2d 746

Elmer NEERIEMER, Petitioner,

v.

The SUPERIOR COURT OF MARICOPA
COUNTY and the Honorable Kenneth
C. Chatwin, Respondent;

Lewis BROWN and Jane Doe Brown, his
wife and John Eisenbeiss and Jane Doe
Eisenbeiss, his wife, Real Parties in In-
terest.

No. 1 CA–CIV 1540.

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 16, 1970.

Rehearing Denied Dec. 31, 1970.

Review Denied Jan. 12, 1971.

———————♦———————

Molloy, Jones, Hannah, Trachta & Cool-
idge by John F. Molloy, Tucson, and Nor-
man Herring, Phoenix, for petitioner.

O'Connor, Cavanagh, Anderson, Westov-
er, Killingsworth & Beshears by Ralph
Hunsaker, Phoenix, for respondent Judge
and real parties in interest.

HAIRE, Judge.

The petitioner by this special action
seeks to reverse a ruling by the respondent
trial judge that where the original com-
plaint in a medical malpractice action al-
leges negligence in the performance of a
surgical operation, an amended complaint
which alleges a battery by reason of a fail-
ure to obtain the "informed consent" of
the plaintiff to the operation does not "re-
late back" to the time of filing of the orig-
inal complaint so as to defeat application
of the statute of limitations. Though the
question is not without some difficulty, we
have concluded that the challenged ruling
runs counter to the prevailing concepts of
modern procedure, and we deem extraordi-
nary relief appropriate. We have hereto-
fore issued our order vacating the ruling
in question so as to accommodate an early
trial date, and this opinion is in amplifica-
tion of that order.

A brief review of the facts as developed
by the pleadings is necessary. The peti-
tioner Neeriemer, plaintiff in the trial
court, is afflicted with Hodgkin's Disease.
Sometime between November 20 and No-
vember 26, 1966, he was allegedly advised
by the respondent-defendant Dr. Eisenbeiss
to submit to a laminectomy in order to re-
lieve a spinal blockage and to prevent pos-
sible paraplegia. Petitioner agreed, and
the operation was performed by the re-
spondent-defendant Dr. Brown, a partner
of Dr. Eisenbeiss, on November 26, 1966.
The incision in petitioner's back has not or

is not, healed. Petitioner filed suit against the two respondent doctors and another party on October 30, 1968. He charged the doctors in this complaint with acts of negligence in the performance of the operation and also in post-operative treatment.

On February 11, 1970, petitioner filed with the trial court an amended complaint alleging, as an alternative theory of recovery, that the respondent doctors had failed to disclose that because of his condition and the necessary post-operative treatment the incision might not heal, and that such disclosure was necessary to enable petitioner to intelligently consent to the operation. Shortly thereafter, petitioner moved to file a more detailed second amended complaint, which alleged in substance a battery by reason of failure to advise petitioner of risks and complications involved in the surgery, and also failure to inform him of alternative methods of treating or controlling his condition other than surgery. Petitioner's motion to file this second amended complaint was granted by the trial court following argument on March 31, 1970. The respondent doctors did not then object to either of the amended complaints on the ground that the "lack of informed consent" or battery claim therein was time-barred.

Thereafter, the respondent doctors filed an answer to petitioner's second amended complaint, which did not raise the statute of limitations as a defense. The respondent doctors subsequently moved to amend their answer and filed a motion to dismiss petitioner's second amended complaint insofar as it alleged a battery by reason of lack of informed consent. The basis of this motion was that the latter allegations were barred by the terms of A.R.S. § 12–542, which provides a two year statute of limitations for actions for injuries done to the person of another. The trial judge granted the motion to dismiss, solely on the basis of the pleadings. This is the ruling in question before us.

Essentially at issue is the effect of the first sentence of Rule 15(c) of our Rules of Civil Procedure, 16 A.R.S., which reads as follows:

"15(c) *Relation back of amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

The quoted portion is the same as Federal Rule 15(c). In the words of one authority,

" * * * Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford."

(3 J. Moore, Federal Practice § 15.15 [3], at 1025 (2d ed. 1968)). (Footnote omitted).

An authority from the State of Missouri, Miller v. Werner, 431 S.W.2d 116 (S.Ct. 1968), seems at first blush to lend rather precise support to respondents' position and the trial judge's ruling to the effect that a later-pleaded battery action based upon lack of informed consent does not relate back to the time of filing of a complaint for negligence in the performance of an operation. Upon investigation, however, it appears that although Missouri has adopted the essence of many of the Federal Rules, including other portions of Federal Rule 15, it did not adopt the "relation back" principles of Federal Rule 15(c). *See* Missouri Revised Statutes §§ 509.490, 509.-500 and 509.510 (Vernon 1952). The Miller case was accordingly decided on the previously settled Missouri rule that in order to defeat the bar of limitations, the cause of action stated in the amended complaint must be provable by the same evidence, and seek a recovery based upon the same measure of damages as the cause of action set forth in the original complaint. The Miller court held that the later-pleaded lack of informed consent claim was not provable by the same evidence as the negligence claim because the former related to matters which took place prior to surgery. Professor Moore indicates that "mechani-

cal rules" such as those applied by the Missouri court should be rejected in applying Rule 15(c). 3 J. Moore, Federal Practice § 15.15 [3], at 1032 (2d ed. 1968).

Respondents also cite Ericksen v. Wilson, 266 Minn. 401, 404–405, 123 N.W.2d 687, 689 (1963), in which the court found "additional justification" for the trial court's denial of a motion made by the plaintiff toward the end of trial to amend his complaint to allege a technical assault based upon lack of informed consent in the circumstance that the statute of limitations had run since the filing of the original complaint, which had alleged only negligence in the medical procedure itself. The Ericksen case poses rather than answers the question now before us, because if the court there had been of the opinion that there could have been no relation back of the proffered amendment, as a matter of law, there was no need to justify the trial court's exercise of discretion in denying the amendment. In the present case, of course, petitioner was granted leave to file his second amended complaint alleging a battery based upon lack of informed consent.

But the respondents most urgently argue that the existing Arizona authorities require a determination of no relation back. At bottom, two propositions are relied upon. The first proposition, quoted from Baker v. Walston & Co., 7 Ariz.App. 590, 594, 442 P.2d 148, 152 (1968), is that "An amendment does not relate back if it sets forth 'a wholly different legal liability or obligation.' " Respondents also rely in this connection upon Smith v. Pinner, 68 Ariz. 115, 201 P.2d 741 (1948), which contains language to the effect that an amended complaint creating a "new cause of action" will not relate back. For their second proposition, respondents rely upon Fiske v. Soland, 8 Ariz.App. 585, 448 P.2d 429 (1968), and Shetter v. Rochelle, 2 Ariz. App. 358, 409 P.2d 74 (1965),[1] for the proposition that " * * * there is a fundamental difference between a battery action,

based upon the theory of lack of informed consent, and a malpractice action." Fiske v. Soland, *supra,* 8 Ariz.App. at 587, 448 P.2d at 431. Respondents argue, and not without logic if the propositions themselves are altogether valid and pertinent, that the "fundamentally different" battery action is founded upon a "wholly different legal liability" and cannot therefore relate back.

Baker v. Walston & Co., *supra,* takes its " 'wholly different legal liability or obligation' " test from Simons v. County of Kern, 234 Cal.App.2d 362, 368, 44 Cal.Rptr. 338, 342 (1965). The Simons case, in turn, cites as its authority the California Supreme Court case of Austin v. Massachusetts Bonding & Ins. Co., 56 Cal.2d 596, 600–601, 15 Cal.Rptr. 817, 819, 364 P.2d 681, 683 (1961). But the Simons court appears to have misread the Austin decision, because the California Supreme Court in Austin equated or at least analogized the "wholly different legal liability or obligation" test and another older "wholly different cause of action" test, and held that their use or application " * * * in connection with the problem of relation back of amendments results in confusion and undue restrictions of the right to amend." 56 Cal.2d at 601, 15 Cal.Rptr. at 819, 364 P.2d at 683. The Austin court, noting that Federal Rule 15(c) refers to "claim" instead of "cause of action", approved for its judge-made rule the principle that relation back will be allowed where " * * * recovery is sought on the same general set of facts." 56 Cal.2d at 601, 15 Cal.Rptr. at 819, 364 P.2d at 683. It has been held in California that an amended complaint in a malpractice action alleging a new theory of recovery can relate back, even though it alleges certain additional facts. Weinstock v. Eissler, 224 Cal.App.2d 212, 234, 36 Cal.Rptr. 537, 551 (1964), approved in Grudt v. City of Los Angeles, 2 Cal.3d 575, 86 Cal.Rptr. 465, 468 P.2d 825 (1970).

Parallelling California's present "general set of facts" test is Professor Moore's ref-

---

1. Opinion modified and rehearing denied, 2 Ariz.App. 607, 411 P.2d 45 (1966).

erence to notice of " * * * the general fact situation out of which the claim * * * arises" as the basis for relation back under 15(c). 3 J. Moore, Federal Practice § 15.15[3], at 1025 (2d ed. 1968). The underlying pleading philosophy is well stated in Barthel v. Stamm, 145 F.2d 487, 490 (5th Cir. 1944):

> "The Rules of Civil Procedure have abandoned the term 'cause of action' and substituted 'claim', and they have abolished the old forms of action as separate measures of legal rights. A suit is now brought on a claim, stated in simple and untechnical language. The suit potentially involves the whole transaction which it identifies, and is intended to reach and settle the rights which arise out of the transaction."

We do not think that our Supreme Court intended in Smith v. Pinner, *supra,* to reject this non-theoretical approach to Rule 15(c) and to retain for Arizona a narrow "cause of action" or "theory of liability" test. It is true that Smith v. Pinner was decided after the adoption of the present Rules, and that there is language in the opinion at 68 Ariz. 120, 201 P.2d 744, indicating the new allegations seeking relief for tortious acts would not relate back to an original complaint based upon contract. But the opinion makes no reference to Rule 15(c), and relies principally upon the test in the pre-Rules decision of Daniel v. City of Tucson, 52 Ariz. 142, 79 P.2d 516 (1938). Moreover, the amended complaint alleging tortious acts in Smith v. Pinner was in the nature of a supplemental complaint, referring to acts occurring *subsequent to* the filing of the original complaint, and in its ultimate holding the court rejected the asserted bar of the statute of limitations.

We thus conclude that whatever the theoretical distinction between negligence and technical battery in a medical malpractice context, the distinction is not of itself sufficient to prevent relation back of a later-pleaded claim.

In their references to the specific terms of Rule 15(c), respondents seem to focus upon the word "conduct". Respondents point to the originally alleged specific acts of negligence (relating to suturing, etc.) and urge, in effect, that in order to relate back any newly stated claim must have "arisen out of" these particular acts ("conduct").[2] This argument, in our opinion, takes too narrow a view of Rule 15(c). Logically applied, it would prohibit relation back even where the plaintiff alleged an additional specific act of negligence during the operation itself, unless the newly alleged act was related to the previously alleged specific acts. But the *general* fact situation involving petitioner's claim against the respondent doctors did not spring into existence at the moment that petitioner was allegedly sutured improperly. Suturing was but one incident or part of a broader focal event—the surgical operation. Petitioner emphasizes the term "transaction" and the entire physician-patient relationship, but in our view, the most reasonable reading of Rule 15(c) makes the operation the critical " * * * occurrence * * * set forth in the original pleading."

If, as has been pleaded without theoretical challenge here, battery is the correct form of recovery for the wrong of failing to secure an informed consent to a surgical operation, then clearly the operation itself gives rise to the claim. If, on the other

---

2. Respondents cite in this connection Hall v. Delvat, 95 Ariz. 286, 389 P.2d 692 (1964). In this case, our Supreme Court held that where a plaintiff had pleaded certain specific acts of negligence, she could not thereafter at the trial, over objection and a justifiable claim of surprise, introduce evidence tending to prove other acts of negligence. We think that we would be in error if we were to give this entirely sound ruling any kind of a pretrialward extrapolation which would defeat relation back. In the next to last sentence of the opinion, the Supreme Court indicated that a continuance should have been granted on defendant's motion after plaintiff indicated her intentions as to proof of other acts of negligence.

hand, the preferred form of the claim[3] is simply negligence in failing to advise the patient of pertinent hazards and alternative remedies, still the duty referred to was not breached (and the omission was not complete or ascertainable) until the operation actually took place. While petitioner might have had at some given time several days prior to the operation a theoretical claim for incomplete or insufficient medical advice, entitling him to damages for breach of contract or perhaps nominal damages for malpractice, he was not substantially wronged in the sense of his amended claim until he actually underwent the operation to which he now alleges he did not intelligently consent. In other words, the term "lack of informed consent" demands an object, or predicate: consent to what? The operation itself is an indispensable element of the wrong.

At least three courts have reached a conclusion similar to the one we reach in cases involving after-pleaded claims based upon lack of informed consent to a medical procedure. In Wall v. Brim, 145 F.2d 492, 493 (5th Cir. 1944), the court held that the after-pleaded claim did not constitute "a new cause of action". In Brown v. Wood, 202 So.2d 125 (Fla.App.1967), the court found that the after-pleaded claim was merely another theory of recovery. And in Mayor v. Dowsett, 240 Or. 196, 400 P.2d 234 (1965), where the gravamen of the original complaint was for improper positioning of the patient during administration of an anesthetic, the court held that an amendment alleging failure to obtain the patient's consent for use of the spinal anesthetic was merely an additional specification of malpractice.

It follows that the order of the trial judge dismissing petitioner's battery claim contained in his second amended complaint should be, as it has been, vacated and reversed.

EUBANK, P. J., and JACOBSON, J., concur.

3. See discussion in Brown v. Wood and Mayor v. Dowsett, cited *infra*.