636 P.2d 104

John MUSA and Virginia Musa, husband and wife, Plaintiffs-Appellants,

v.

C. K. ADRIAN, M.D., and Jane Doe Adrian, his wife, if married; Mary Doe(s) Adrian, subsequent spouse(s) of C. K. Adrian, M.D., if any; Adrian Medical Partners I-X; Spouses of Adrian Medical Partners I-X; Adrian Medical Partnership; Adrian Medical Corporations I-X; Scottsdale Memorial Hospital, an Arizona Corporation, Defendants-Appellees.

No. 1 CA-CIV 4434.

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 23, 1980.

Rehearing Denied Feb. 18, 1981.

Review Granted March 17, 1981.

G. David Gage, Ltd. by G. David Gage, Phoenix, for plaintiffs-appellants.

Renaud, Cook & Videan, P. A. by William R. Mettler, Jr., Phoenix, for appellee Scottsdale Memorial Hospital.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P. A. by M. E. Rake, Jr., P. Michael Whipple, Leslie Hall, Phoenix, for appellee Adrian, M.D.

## OPINION

EUBANK, Judge.

The appellants have appealed from a "Partial Final Judgment" granted appellees on April 24, 1978, pursuant to Rules 56(c) and 56(d)[1], Rules of Civil Procedure, 16

---

1. 56(c) . . . A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

56(d) Case not fully adjudicated on motion. If on motion under this Rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court

at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial contro-

A.R.S. The judgment includes Rule 54(b) [2] *id.* language that there is no just reason for delay in the entry of judgment.

The trial court made findings of fact and conclusions of law in support of the partial summary judgment as follows:

### FINDINGS OF FACTS

1. The plaintiffs' [appellants] cause of action arose on August 12–16, 1975.

2. The Medical Malpractice Act, A.R.S. §§ 12–561 et seq. was effective February 26, 1976.

3. Plaintiffs filed suit on August 12, 1977.

### CONCLUSIONS OF LAW

1. The Medical Malpractice Act, A.R.S. §§ 12–561 et seq. is applicable to plaintiffs' cause of action. Specifically:

   a. The action will be submitted to a Medical Liability Review Panel pursuant to A.R.S. § 12–567 and the Panel's decision is admissible and parties may comment thereon at trial (A.R.S. § 12–567(M)).

   b. Evidence may be introduced at trial regarding the collateral benefits received by the plaintiffs pursuant to A.R.S. § 12–565.

   c. That the appropriate standard of care, in this action, is the standard of care outlined in A.R.S. § 12–563(1).

2. That defendants [appellees] are granted summary judgment on that portion of paragraph 11 of plaintiffs' complaint which alleges claims for assault and battery, oral contract, and lack of informed consent, these claims being prohibited by A.R.S. §§ 12–562(B), 12–562(C), 12–561(2).

The facts found by the court are not disputed.

Paragraph 11 of the appellants' complaint, referred to in the Conclusions of Law, reads:

The conduct of Dr. Adrian, on behalf of himself and the other Adrian-related Defendants, constituted medical negligence, battery, breach of contract for medical treatment without such untoward complications, and created a condition through improper medical and surgical care and treatment which itself justifies a finding of negligence, through operation of the doctrine of res ipsa loquitur, and Dr. Adrian further failed to secure the informed consent of the Musas relative to the procedure in question, misrepresenting his competence and ability as a surgeon and failing to adequately warn and to disclose the risks of harm to which the Musas subjected themselves at the hands of Dr. Adrian. Appropriate exemplary damages should be assessed against all Defendants.

The trial court ordered judgment as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the plaintiffs' [appellants] motion for summary judgment is denied and that defendants [appellees], C. K. Adrian, M.D., et al., have partial final judgment against the plaintiffs to the effect that the 1976 Arizona Medical Malpractice Act is applicable to plaintiffs' action in this cause, spe-

---

versy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**2.** 54(b) Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

cifically as to the provision of said Act pertaining to the Medical Review Panel, collateral sources, standard of care, assault and battery, oral contract, and lack of informed consent, all as herein provided.

The judgment was signed by the judge and filed.

■ Thus, from the above, it is clear that the partial "final" judgment is an interlocutory one as it did not dispose of all of appellants' claims. The question then is whether we have the necessary jurisdiction to entertain an appeal from such a judgment. None of the parties has raised this jurisdictional question; however, we have the obligation to determine our own jurisdiction in each case. *Rueda v. Galvez*, 94 Ariz. 131, 382 P.2d 239; *Matter of Appeal In Maricopa County, Juvenile Action Nos. J–86384 and JS–2605*, 122 Ariz. 238, 594 P.2d 104 (App.1979).

■ Our jurisdiction to hear an interlocutory partial summary judgment is governed by A.R.S. § 12–2101(G). It authorizes an appeal from an interlocutory judgment which "determines the rights of the parties and directs an accounting or other proceeding to determine the amount of the recovery." The partial "final" judgment *sub judice* does neither of these things. The judgment merely requires that appellants comply with the provisions of the Medical Malpractice Act, A.R.S. § 12–561 et seq., prior to filing their complaint. In *Cook v. Cook*, 26 Ariz.App. 163, 547 P.2d 15 (1976), we held that a partial summary judgment on the question of liability in favor of the plaintiff was appealable if signed by the judge, and if it contained an express Rule 54(b), footnote 2, determination. No such substantial issue determining the rights of the parties was settled by the above partial "final" judgment. *See Kelman v. Bohi*, 27 Ariz.App. 24, 550 P.2d 671 (1976).

In our opinion the partial "final" judgment *sub judice* is not an appealable final judgment within the requirements of A.R.S. § 12–2101(G). This appeal is therefore dismissed and the matter remanded to the trial court for further proceedings.

OGG, Chief Judge, specially concurring:

I agree that this is not an appealable final judgment and that this court lacks jurisdiction to determine the merits of the issues raised in this appeal. I base my decision upon a different approach and have therefore filed this concurring opinion:

Unless a judgment is substantively appealable as a final judgment pursuant to A.R.S. § 12–2101(B), or is made appealable pursuant to some other statute, it cannot be made appealable by the addition of rule 54(b) language. This is one of the important holdings in *Cook v. Cook*, 26 Ariz.App. 163, 547 P.2d 15 (1976). There, the trial court rendered a partial summary judgment in favor of the plaintiffs on the issue of liability. Rule 54(b) language was included in the summary judgment. This court noted that the partial summary judgment was not appealable as a final judgment pursuant to A.R.S. § 12–2101(B), but that the appeal could be sustained as one from an "interlocutory judgment which determines the rights of the parties and directs an accounting or other proceeding to determine the amount of recovery" pursuant to § 12–2101(G). The inclusion of 54(b) language in such a situation was viewed as a sufficient indication that the "interlocutory" judgment was the final determination of the trial court so as to make review by appeal appropriate. This court in *Cook* noted however that the trial court should exercise its sound discretion in rule 54(b) certifications in order to avoid hardship, delay and unnecessary appeals.

It is clear that on occasion a trial judge may abuse his discretion in using rule 54(b) language. In *Pulaski v. Perkins*, 127 Ariz. 216, 619 P.2d 488 (1980), this court found that the trial court abused its discretion in including rule 54(b) language in its judgment, and refused to accept jurisdiction of an appeal. This court noted: "54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel."

In the present case, the trial judge abused his discretion in the use of rule 54(b). There are three requirements for the entry of a final judgment by the trial court under rule 54(b): (1) there must be more than one claim for relief or more than one party against whom relief is sought; (2) there must be an express determination in the judgment that there is no just reason for delay; and (3) there must be an express direction for the entry of the judgment. *Stevens v. Mehagian's Home Furnishings, Inc.*, 90 Ariz. 42, 365 P.2d 208 (1961). Since requirements (2) and (3) have been met in this case, we must consider requirement (1).

The line between deciding one of several claims and deciding only part of a claim is often obscure. The United States Supreme Court has stated in the context of rule 54(b) that a complaint asserting only one "legal right" is a single claim, even though it asserts multiple remedies. *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). (Court held that a complaint that alleged employer's insurance benefits and maternity leave regulations discriminated against women employees and sought injunctive relief, damages, costs and attorneys' fees constituted a single claim).

The Arizona Supreme Court has stated that for purposes of rule 54(b), multiple claims exist "if the factual basis for recovery states a number of different claims that could have been separately enforced." *Title Ins. Co. of Minn. v. Acumen Trading Co.*, 121 Ariz. 525, 591 P.2d 1302 (1979). (Award of attorney fees under statute was "inextricably" tied to granting of motion for summary judgment, thus constituting only one claim).

C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 2657 (1973) attempts to provide a workable distinction between multiple claims and a single claim:

A single claimant presents multiple claims for relief ... when his possible recoveries are more than one in number and not mutually exclusive or, stated another way, when the facts give rise to more than one legal right or cause of action.... However, when a claimant presents a number of legal theories, but will be permitted to recover only on one of them, his bases for recovery are mutually exclusive, or simply presented in the alternative, and he has only a single claim for relief for purposes of rule 54(b).

The cases of *Doerflinger v. New York Life Ins. Co.*, 88 Wash.2d 878, 567 P.2d 230 (1977) and *Ochs v. Northwestern Nat. Life Ins. Co.*, 254 N.W.2d 163 (S.D.1977) provide a good discussion of the distinction between a single claim and multiple claims. *See also Gas-A-Car, Inc., v. American Petrofina, Inc.*, 484 F.2d 1102 (10th Cir. 1973); *United States v. Kocher*, 468 F.2d 503 (2d Cir. 1972), *cert. denied* 411 U.S. 931, 93 S.Ct. 1897, 36 L.Ed.2d 390; *Singer Housing Co. v. Seven Lakes Venture*, 466 F.Supp. 369 (D.C. Colo.1979) for cases holding that facts presented multiple claims, and *Hasbrouck v. Sheet Metal Workers Local 232*, 586 F.2d 691 (9th Cir. 1978); *Page v. Preisser*, 585 F.2d 336 (8th Cir. 1978); *McIntyre v. First Nat. Bank of Cincinnati*, 585 F.2d 190 (6th Cir. 1978); *Wheeler v. American Home Products Corp.*, 582 F.2d 891 (5th Cir. 1977); *Schexnaydre v. Travelers Ins. Co.*, 527 F.2d 855 (5th Cir. 1976); *U. S. v. Crow, Pope and Land Enterprises, Inc.*, 474 F.2d 200 (5th Cir. 1973); *Arnold v. Bache & Co.*, 377 F.Supp. 66 (D.C.Pa.1973) for cases holding that facts presented separate claims.

When analyzed in the light of the above established guidelines, the plaintiffs' complaint in the present case presents a single claim. Perhaps a complaint could have been drafted that would have set out separate claims; in theory the claim of assault and battery and breach of contract are not mutually exclusive theories of recovery. In the present case, however, no attempt was made to separate the legal theories of recovery. The complaint "inextricably links" the theories of recovery. In one count, the complaint sets forth the cause of action as follows:

The conduct of Dr. Adrian, on behalf of himself and the other Adrian-related Defendants, constituted medical negligence, battery, breach of contract for medical

treatment without such untoward complications, and created a condition through improper medical and surgical care and treatment which itself justifies a finding of negligence, through operation of the doctrine of res ipsa loquitur, and Dr. Adrian further failed to secure the informed consent of the Musas relative to the procedure in question, misrepresenting his competence and ability as a surgeon and failing to adequately warn and to disclose the risks of harm to which the Musas subjected themselves at the hands of Dr. Adrian. Appropriate exemplary damages should be assessed against all Defendants.

The plaintiffs' answers to interrogatories propounded by the defendants also indicate that the plaintiff intended to link his theories of recovery together. When asked to describe the acts or failure to act that proximately caused the injury, the plaintiff only answered that Dr. Adrian's diagnosis and surgery fell below the applicable standard of care. No attempt was made to establish that Dr. Adrian had breached a contract with the plaintiff or caused a battery to occur.

The case of *Neeriemer v. Superior Court of Maricopa County,* 13 Ariz.App. 460, 477 P.2d 746 (1970) is analogous to the present case. *Neeriemer* involved the issue of whether an amendment to a complaint alleging battery by reason of a doctor's failure to obtain informed consent related back in time to the filing of the original complaint which had alleged negligence. This court rejected the argument that the after-pleaded claim constituted a new cause of action, and held that it was merely an additional specification of malpractice. This court noted:

> If, as has been pleaded without theoretical challenge here, battery is the correct form of recovery for the wrong of failing to secure an informed consent to a surgical operation, then clearly the operation itself gives rise to the claim. If, on the other hand, the preferred form of the claim is simply negligence in failing to advise the patient of pertinent hazards and alternative remedies, still the duty

referred to was not breached (and the omission was not complete or ascertainable) until the operation actually took place. While petitioner might have had at some given time several days prior to the operation a theoretical claim for incomplete or insufficient medical advice, entitling him to damages for breach of contract or perhaps nominal damages for malpractice, he was not substantially wronged in the sense of his amended claim until he actually underwent the operation to which he now alleges he did not intelligently consent. In other words, the term "lack of informed consent" demands an object, or predicate: consent to what? The operation itself is an indispensable element of the wrong.

13 Ariz.App. at 463–464, 477 P.2d at 749–750.

In conclusion, as the court found in *Neeriemer,* the assertions of medical negligence, battery and breach of contract are specifications of medical malpractice and constitute one claim. Therefore one of the requirements of Rule 54(b) has not been met, and this court lacks jurisdiction to consider the appeal on the merits.

I agree that this appeal should be dismissed and remanded for trial.

McFATE, Judge, Retired, dissenting:

I respectfully dissent, for the following reasons.

The sole issue on appeal, fully briefed by the parties and submitted for decision was: does the Medical Malpractice Act (A.R.S. §§ 12–561 *et seq.*) apply to the plaintiffs' malpractice action, where the facts giving rise thereto arose before the effective date of the Act but the complaint was filed thereafter.

Plaintiffs had asserted several grounds for relief, including assault and battery, breach of *oral* contract, and lack of informed consent, all of which are abrogated by the Medical Malpractice Act.

The Act further alters and circumscribes, to the plaintiffs' detriment, various other evidentiary and procedural aspects of a typ-

ical common law malpractice case, such as the standard of care required of medical specialists, and the collateral source rule. A completely new requirement is the mandatory medical review panel. A.R.S. § 12–567. Thus, from plaintiffs' standpoint, new burdens are imposed and previously existing rights are denied them if they are required to pursue their claims under the Act.

Each of the parties sought summary judgment, the plaintiffs contending against the applicability of the Act and the defendants advocating contrariwise.

The trial court entered a final partial summary judgment, finding no just reason for delaying its entry under Rule 54(b), Rules of Civil Procedure, holding that the Medical Malpractice Act applied to plaintiffs' claims and required plaintiffs to submit to a medical liability review panel pursuant to A.R.S. § 12–567. The court granted judgment "on that portion of Par. 11 of plaintiffs' complaint which alleges claims for assault and battery, oral contract and lack of informed consent." This judgment effectively and finally dismissed these alleged claims.

The main opinion holds that the judgment is interlocutory in nature and therefore is governed by A.R.S. § 12–2101(G), which authorizes appeal:

[F]rom an interlocutory judgment which determines the rights of the parties and directs an accounting or other proceeding to determine the amount of the recovery

and that because the judgment does not direct an accounting or other proceeding to determine the amount of recovery, and does not settle finally a substantial issue, it is not appealable; consequently this court has no jurisdiction to entertain the appeal.

The judgment did not dispose of all of plaintiffs' claims and in that sense is not final. The plaintiffs were still in court subjected to further proceedings under the Medical Malpractice Act, albeit unwillingly. However, this does not settle the issue of appealability. In respect to the dismissed claims, there has been a final determination of the plaintiffs' right to pursue those claims in court. It seems to me the rationale in *Cook v. Cook*, cited in the majority opinion (a negligence case in which the partial summary judgment found for plaintiff on the issue of liability, reserving the issue of damages for trial), is applicable here. The court said:

Rule 54(b), of course, is not by its express terms applicable to appealability under § 12–2101(G). Nevertheless, the Court here has expressly directed the judgment be entered and has found that no just reason for delay in entering the judgment exists. It has, therefore, indicated the finality of the judgment on the liability issue.

\*    \*    \*    \*    \*    \*

In the instant case, the interlocutory judgment contained language of finality in accordance with Rule 54(b) and is, therefore, appealable.

If we apply this reasoning to the case at hand, the judgment is appealable under A.R.S. § 12–2101(G), *supra.*

There is yet another reason why the judgment is appealable. Our Supreme Court has held, in *Reader v. Magma-Superior Copper Co.*, 108 Ariz. 186, 494 P.2d 708 (1972), that a judgment determining that plaintiffs cannot maintain or prosecute their claim because of procedural impediments (in this case an attempted class action) in effect terminates the claim sought to be litigated, and is appealable under A.R.S. § 12–2101(D), which provides that an appeal may be taken:

[F]rom any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken.

The circumstances which brought about this holding are closely analogous to the facts in the case before the court, at least with respect to plaintiffs' claims which were dismissed. Each claim constitutes a separate cause of action. Whether a single action is dismissed or one or more of several claims joined in one lawsuit is dismissed, there is an equivalent finality to each dismissal.

**332**

In view of the foregoing, it would appear that the partial summary judgment in this case, having been entered as a final judgment pursuant to Rule 54(b), and having effectively determined, adversely to plaintiffs, the issue of whether the Medical Malpractice Act is applicable, and whether certain of their alleged specific claims for relief will lie, is appealable, and that the court does indeed have jurisdiction. We should decide the case on its merits.